IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



AMERICAN GENERAL LIFE
INSURANCE COMPANY,

    Plaintiff,

v.                                            CIVIL ACTION NO. 2:21-cv-35

BOBBIE BRUCE,

THE ESTATE OF FRANCIS BRUCE, by
And through its Personal Representative,

BEACH FUNERAL & CREMATION
SERVICES, INC.,

and,

BETA CAPITAL CORP.,

    Defendants.

## *MEMORANDUM OPINION AND ORDER*

Before the Court is Plaintiff American General Life Insurance Company's ("American Genral") Motion for Default Judgment against Defendants Beach Funeral & Cremation Services, Inc., ("Beach Funeral") and Beta Capital Corp. ("Beta Capital") (collectively "Defaulting Defendants"), pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. ECF No. 22. A default judgment hearing was held on June 10, 2021. Representatives for Beach Funeral and Beta Capital were not present. At the hearing, the Court **GRANTED** the Motion for Default Judgment against Beach Funeral and Beta Capital. This opinion explains the Court's findings and disposition of the motion.

## I. FACTUAL AND PROCEDURAL HISTORY

On January 3, 2020, American General filed an Interpleader Complaint against the Defendants regarding a life insurance claim of $100,000.00 after the passing of Francis Bruce ("Decedent"). ECF No. 1 at ¶ 8. The Level Benefit Term Life Policy designates the Decedent's then-wife, Defendant Bobbie Bruce, as the 100% primary beneficiary. *Id.* at Exhibit 1. On November 7, 2013, Decedent and Defendant Bobbie Bruce were divorced by a Final Decree of Divorce entered in the Circuit Court of Virginia Beach. *Id.* at Exhibit 2. The Interpleader alleges that Defendant Bobbie Bruce is revoked as the primary beneficiary, and thus, the Policy death benefit is payable to the Defendant The Estate of Francis Bruce. *Id* at ¶ 14; *see id.* at Exhibit 3. Francis Bruce died on June 30, 2020 and, on July 1, 2020, Defendant Bobbie Bruce submitted a claim for benefits under the Policy. *Id.* at ¶¶ 15-17; *see id.* at Exhibit 4. On July 1, 2020, American General received an Irrevocable Assignment and Power of Attorney ("Assignment") where Defendant Bobbie Bruce assigned $9,654.91 of her interest in the Policy death benefit to Defendant Beach Funeral & Cremation Services, Inc. *Id.* at ¶ 18; *see id.* at Exhibit 5. In the Reassignment, Defendant Beach Funeral & Cremation Services, Inc. purported to reassign its interest in $9,654.91 of the Policy death benefit to Defendant Beta Capital Corp

On January 15, 2021, Plaintiff issued summons against all four Defendants, including Beach Funeral and Beta Capital. ECF No. 3. On February 2, 2021, Defendant Bobbie Bruce filed an answer to the complaint. ECF No. 11. On February 24, 2021, the Estate of Francis Bruce filed an answer to the complaint in which it did not assert any claim against the funds deposited with the Court. ECF No. 18.

On January 20, 2021, Plaintiff filed an affidavit of service of summons and complaint served on Beach Funeral and Beta Capital. ECF No. 7. On February 12, 2021, the Clerk of the

Court issued a notice that responsive pleadings had not be filed by Defendant Beach Funeral. ECF No. 13. On February 19, 2021, Plaintiff filed a request for default entry as to Defendant Beach Funeral and Beta Capital ECF No. 15. On February 23, 2021, the Clerk filed an entry of default as to Beach Funeral and Beta Capital Corp., pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. ECF No. 16. On March 31, 2021, Plaintiff filed its Motion for Default Judgment against Beach Funeral and Beta Capital Corp. ECF No. 22. On May 27, 2021 Plaintiff notified the Beach Funeral and Beta Capital Corp of the pending Motion for Default Judgment consistent with the requirements of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). ECF Nos. 29, 30.

## II. LEGAL STANDARD

### A. Default Judgment

Rule 55 of the Federal Rules of Civil Procedure governs entries of default and default judgments. Pursuant to Rule 55(a), the Clerk must enter default against a party that "has failed to plead or otherwise defend" against an action. After the Clerk has entered default, a plaintiff may seek a default judgment against a defendant pursuant to Rule 55(b). A court must "exercise sound judicial discretion" when considering whether to enter default judgment, "and the moving party is not entitled to default judgment as a matter of right." *EMI Apr. Music, Inc. v. White*, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009) (citing *Sentry Select Ins. Co. v. LBL Skysystems (U.S.A.) Inc.*, 486 F. Supp. 2d 496, 502 (E.D. Pa. 2007)). The United States Court of Appeals for the Fourth Circuit has expressed "a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). Default judgment may be appropriate, however, "when the adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

3

Although a defaulting party admits the factual allegations in the filings of the opposing party, a court must evaluate the sufficiency of the allegations to determine if the party moving for default judgment states a cause of action. *See GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). *See also Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("The court must ... determine whether the well-pleaded allegations in [the] complaint support the relief sought in th[e] action."); *Anderson v. Found, for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 506 (4th Cir. 1998) (holding that the district court erred in granting default judgment to a party where the party failed to state a valid claim).

### III. DISCUSSION

In the instant case, default judgment against Beach Funeral and Beta Capital is appropriate because each of the Defaulting Defendants have failed to respond to the complaint or otherwise assert a claim. Further, the Clerk of Court has previously entered default against them. *See* ECF No. 16. Moreover, Plaintiff has met each of the five prongs of Rule 55(b) and because the Defaulting Defendants have failed to plead or otherwise defend this action. Specifically, the Complaint and the Motion demonstrate that (1) the Clerk of the United States District Court for the Eastern District of Virginia entered default against Defaulting Defendants on February 23, 2021; (2) default was entered to the Complaint which Plaintiff filed on January 15, 2021; (3) Defendants are not infants or incompetent persons; (4) Defendants are not in the military; and (5) notice was served on Defaulting Defendants on May 27, 2021. ECF Nos. 30, 31. Consequently, the Court finds that the Defaulted Defendants have forfeited any claims to the life insurance policy death benefit at issue in this case. Therefore, the grant of default judgment against the Defaulted

Defendants is appropriate.

The Court also finds that Plaintiff did not allege any damages with respect to the Defaulting Defendants in the instant motion. Therefore, the Court does not grant damages. *See J & J Sports Prods., Inc. v. Brutt's LLC*, No. 2:14CV269, 2014 WL 7363823, at *7 (E.D. Va. Dec. 23, 2014); Fed. R. Civ. P. 8(b)(6). Further, Plaintiff did not ask for attorneys' fees in the instant motion, and, thus, the Court finds that attorney's fees are not appropriate in this matter. *Mullins v. Richland National Bank*, 241 Va. 447, 403 S.E.2d 334 (1991).

## IV. CONCLUSION

For the reasons stated herein, Petitioner's Motion for Default Judgement is **GRANTED**. The Court **ENTERS** a default judgment against Beach Funeral & Cremation Services, Inc., ("Beach Funeral") and Beta Capital Corp. ("Beta Capital").

**IT IS SO ORDERED.**

Norfolk, Virginia
~~June~~ July 2, 2021

UNITED STATES DISTRICT JUDGE